Scott E. Davis
State Bar No. 016160
SCOTT E. DAVIS, P.C.
20827 North Cave Creek Road, Suite 101
Phoenix, AZ  85024

Telephone:  (602) 482-4300
Facsimile:    (602) 569-9720
email: davis@scottdavispc.com

*Attorney for Plaintiff Michael Lee*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Lee,<br><br>           Plaintiff,<br><br>      v.<br><br>Unimerica Insurance Company,<br><br>           Defendant. | Case No.<br><br>**COMPLAINT** |

Now comes the Plaintiff Michael Lee (hereinafter referred to as "Plaintiff"), by and through his attorney, Scott E. Davis, and complaining against the Defendant, he states:

### *Jurisdiction*

1. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover employee benefits. In addition, this action may be brought before this Court pursuant to 28 U.S.C. §1331, which gives the Court jurisdiction over actions that arise under the laws of the United States.

*Parties*

2. Plaintiff is a resident of Maricopa County, Arizona.

3. Upon information and belief, Plaintiff's former employer, Shasta Industries, Inc. (hereinafter referred to as the "Company") sponsored, subscribed to and purchased a group disability insurance policy which was fully insured and administered by Unimerica Insurance Company (hereinafter referred to as "Unimerica"). The specific Unimerica Policy is known as policy number 300729. The Company's purpose in purchasing to the Unimerica policy was to provide disability insurance for its employees. At all times relevant herein, the policy and benefits thereto constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1).

4. Upon information and belief, Unimerica may have delegated responsibility for claim administration of the policy to UnitedHealthcare Specialty Benefits (hereinafter referred to as "United"). Plaintiff believes that as it relates to his claim, United functioned in a fiduciary capacity as the Claim Administrator. Plaintiff believes Unimerica may be a subsidiary of United or wholly or partially owned/controlled by United or a United entity.

5. Upon information and belief, given that Unimerica may be owned or affiliated with United, Plaintiff believes United operated under a conflict of interest in evaluating his claim due to the fact that two United entities operated in dual roles as the decision maker with regard to whether Plaintiff was disabled as well as the payor of benefits. *To wit,* Unimerica and/or United's conflicts existed in that if United found Plaintiff was disabled, Unimerica, which was owned/controlled in whole or part or affiliated with United, was liable for payment of those benefits.

6. Unimerica and/or United conduct business within Maricopa County and all events giving rise to this Complaint occurred within Maricopa County.

*Venue*

7. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391.

*Nature of the Complaint*

8. Incident to his employment, Plaintiff was a covered employee pursuant to the relevant Policy and a "participant" as defined by 29 U.S.C. §1002(7). Plaintiff seeks disability income benefits from the relevant Unimerica policy pursuant to §502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B) as well as any other employee benefits he may be entitled to as a result of being found disabled.

9. After working for the Company as a loyal employee, Plaintiff became disabled on or about March 16, 2008 due to serious medical conditions and was unable to work in his designated occupation as a Sales Designer. Plaintiff has remained disabled as that term is defined in the relevant Unimerica policy continuously since that date and has not been able to return to any occupation as a result of his serious medical conditions.

10. Following his disability, Plaintiff applied for short term disability benefits which were approved, paid and have been exhausted.

11. Plaintiff then applied for long term disability benefits under the relevant Unimerica policy. The relevant disability policy provides the following definition of disability:

> "The Covered Person is Disabled or has a Disability when We determine that:
> - he is not Actively at Work and is unable to perform some or all of the Material and Substantial Duties of his regular Occupation due to his Sickness or Injury; and
> - he has a 20% or more loss in Pre-Disability Weekly Earnings due solely to the same Sickness or Injury; and
> - he is under the Regular Care of a Physician.

>After 24 months of payments, the Covered Person is Disabled when We determine that due to the same Sickness or Injury, he is unable to perform some or all of the material and substantial duties of any Gainful Occupation for which he is reasonably fitted by education, training or experience and he continues to suffer a 20% or more loss in his Indexed Pre-Disability Monthly Earnings due solely to the Sickness or Injury.

12. In support of his claim for long term disability, Plaintiff submitted to United medical records from his treating physicians supporting his disability as defined by the relevant Unimerica policy.

13. United notified Plaintiff in a letter dated October 24, 2008 that it was approving his claim for long term disability benefits.

14. In a letter dated March 25, 2011, United informed Plaintiff it was terminating benefits beyond March 11, 2011 due to a lack of medical documentation supporting his inability to return to his own occupation.

15. Pursuant to 29 U.S.C. §1133, Plaintiff timely appealed United's March 25, 2011 determination in a letter dated August 24, 2011. In support of his appeal, Plaintiff submitted to United additional medical, vocational and lay witness evidence demonstrating he met any definition of disability set forth in the relevant Unimerica policy.

16. In support of his appeal, Plaintiff submitted to United a Residual Functional Capacity Form dated July 14, 2011 and a narrative letter dated July 21, 2011 from his current treating board certified family medicine physician who opined, "It is reasonable to assume [Plaintiff] has been unable to work in any occupation since 12/16/08…[Plaintiff] will not be able to sustain any gainful employment indefinitely given his age, chronic medical conditions and other contributory factors."

17. In support of his appeal, Plaintiff submitted to United a Functional Capacity Evaluation Report dated June 29, 2011 which determined after an evaluation of Plaintiff's

serious medical conditions that "Based on a reasonable degree of medical certainty, my opinion is [Plaintiff] would not be able to perform <u>sedentary work</u> consistently on a regular, full-time basis" (original emphasis).

18. Further supporting his appeal, Plaintiff submitted to United a vocational report from a certified vocational expert dated August 1, 2011. The vocational expert concluded, "After reviewing his medical records and interviewing [Plaintiff], this consultant concludes that [Plaintiff] is not employable in any capacity in the local and national labor market."

19. In addition to the medical records and reports submitted to United, Plaintiff also submitted two (2) sworn affidavits from lay persons including a July 5, 2011 affidavit from Plaintiff's wife and a July 5, 2011 affidavit from Plaintiff's daughter who both confirmed Plaintiff is unable to work in any occupation and his condition has not improved in any way since his date of disability.

20. Prior to filing this complaint, Plaintiff had not received a decision on his appeal and with the filing of this complaint has deemed [1] his appeal and claim exhausted. pursuant to 29 C.F.R. § 2560.503-1(1); therefore, Plaintiff has a right to bring this civil action.

21. United failed to adequately investigate Plaintiff's case and failed to engage Plaintiff and/or his treating physician in a dialogue during the appeal of his claim with regard to what evidence was necessary so Plaintiff could perfect his appeal and claim.

---

[1] "If a Plan fails to follow its prescribed claims procedure, in this instance by deciding the appeal within 90 days, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under § 502(a) of the Act."29 C.F.R. § 2560.503-1(1 )." *See Swanson v. Hearst Corp. Long Term Dis. Plan*, 2009 U.S. App. LEXIS 24055 (5th Cir.).

1  United's failure to investigate the claim and to engage in this dialogue or to obtain the
2  evidence it believed was important to perfect Plaintiff's claim is a violation of ERISA and
3  Ninth Circuit case law and a reason he did not receive a full and fair review.

4      22. Upon information and belief, United denied Plaintiff a lawful, full and fair review pursuant to ERISA for various reasons including but not limited to, failing to timely render a determination on his claim despite several extensions of time do so and many months of reviewing Plaintiff's evidence; failing to consider any evidence submitted by Plaintiff or de-emphasizing the medical evidence supporting Plaintiff's disability, disregarding Plaintiff's self-reported symptoms, failing to consider all the diagnoses and/or limitations set forth in his medical evidence as well as the combination of those diagnoses and impairments; failing to obtain an Independent Medical Examination when the Policy allowed for one; failing to engage Plaintiff in a dialogue so he could submit the necessary evidence to perfect his claim and failing to consider the impact the side effects from Plaintiff's medications would have on his ability to engage in any occupation.

    23. In evaluating Plaintiff's claim on appeal, United had an obligation pursuant to ERISA to administer Plaintiff's claim "solely in his best interests and other participants" which it failed to do. [2]

    24. Plaintiff believes the reason United provided an unlawful review which was neither full nor fair and that violated ERISA, specifically, 29 U.S.C. § 2560.503-1, is due

---

[2] It sets forth a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, § 1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials," Firestone, 489 U.S., at 113, 109 S. Ct. 948, 103 L. Ed. 2d 80 (quoting § 1133(2)); and it supplements marketplace and regulatory controls with judicial review of individual claim denials, see § 1132(a)(1)(B). *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2350 (U.S. 2008).

1  to the dual roles United and Unimerica undertook as decision maker and payor of benefits
2  which created an inherent conflict of interest.

3      25. Plaintiff is entitled to discovery regarding the aforementioned conflicts of
4  interest of United and Unimerica as well as any individual who reviewed his claim and the
5  Court may properly weigh and consider evidence regarding the nature, extent and effect of
6  *any* conflict of interest which may have impacted or influenced United's inability to
7  render a timely, or any decision in his claim.

8      26. With regard to whether Plaintiff meets the definition of disability set forth in
9  the Unimerica policy, the Court should review the evidence in Plaintiff's claim *de novo,*
10 because even if the Court concludes the Plan confers discretion, the unlawful violations of
11 ERISA committed by United as referenced herein are so flagrant they justify *de novo*
12 review.

13     27. As a direct result of United's failure to render any decision in Plaintiff's
14 disability claim, he has been injured and suffered damages in the form of lost disability
15 benefits, in addition to other potential employee benefits he may have been entitled to
16 receive through or from the Plan and/or Company as a result of being found disabled.

17     28. Pursuant to 29 U.S.C. §1132, Plaintiff is entitled to recover unpaid benefits,
18 prejudgment interest, reasonable attorney's fees and costs from Defendant.

19     29. Plaintiff is entitled to prejudgment interest at the rate of 10% per annum
20 pursuant to A.R.S. §20-462, or at such other rate as is appropriate to compensate him for
21 losses he incurred as a result of Defendant's unjustified denial of payment of benefits.

22     WHEREFORE, Plaintiff prays for judgment as follows:

23     A. For an Order requiring Defendant to pay Plaintiff disability benefits and
24 any other employee benefits he may be entitled to as a result of being found disabled
25 pursuant to the Unimerica Policy from the date he was first denied these benefits through
26

1  the date of judgment and prejudgment interest thereon, as well as any other employee
2  benefits he may be entitled to from the Plan and/or Company as a result of being found
3  disabled;

4      B.    For an Order finding that Plaintiff meets any definition of disability set forth
5  in the relevant Unimerica policy and directing Defendant to continue paying Plaintiff the
6  aforementioned benefits until such time he meets the conditions for termination of benefits;

7      C.    For attorney's fees and costs incurred as a result of prosecuting this suit
8  pursuant to 29 U.S.C. §1132(g); and

9      D.    For such other and further relief as the Court deems just and proper.

DATED this 8th day of December, 2011.

SCOTT E. DAVIS. P.C.

By:    */s/ Scott E. Davis*
        Scott E. Davis
        Attorney for Plaintiff